UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DIQUAN BOOKER,

                                                   Plaintiff,                    9:23-cv-584
                                                                                                (ECC/PJE)

v.

CRUZ, Sgt., Greene Correctional Facility;
JOHN DOE, Sgt., 8-4 Shift, Greene
Correctional Facility,

                                                   Defendants.

---

Diquan Booker, *Plaintiff, pro se*
Judson N. Knappen, *Assistant Attorney General, for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**[1]

### MEMORANDUM-DECISION AND ORDER

Plaintiff Diquan Booker, a New York State inmate, commenced this civil rights action asserting claims pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On July 19, 2024, Defendant Corrections Sergeant Cruz filed a motion for summary judgment under Federal Rule of Civil Procedure 56 seeking dismissal of Plaintiff's claims. Dkt. No. 28. On August 1, 2024, Plaintiff filed a response, Dkt. No. 30, and a reply was filed on August 13, 2024, Dkt. No. 33. This matter was assigned to United States Magistrate Judge Paul J. Evangelista who, on February 14, 2025, issued a Report-Recommendation recommending that Defendant Cruz's motion for summary judgment be granted. Dkt. No. 37. Judge Evangelista further recommended that the remaining

---

[1] This case was originally assigned to the Honorable Thomas J. McAvoy, Senior United States District Judge, and has been reassigned to the undersigned.

Doe defendant be sua sponte dismissed from this action, due to Plaintiff's failure to identify and/or serve this defendant. *Id.*

Judge Evangelista advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the Report-Recommendation, and that the failure to object to the report within fourteen days would preclude appellate review.

No objections to the Report-Recommendation have been filed. As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Having reviewed the Report-Recommendation for clear error and found none, the Report-Recommendation is adopted in its entirety except for one factual correction. The Report-Recommendation states, "Plaintiff testified that he . . . filed a grievance about the April 30, 2023 incident with 'the grievance guy' at Greene CF . . . ." Dkt. No. 37 at 15.

The relevant portion of Plaintiff's testimony states:

> Q. "Okay. Let me get back to the Sergeant Cruz incident that you allege in your complaint . . . . You never filed a grievance on that?"
>
> A. "On a – on a – yes, I did. They – here what they do is anybody could tell you they rip up your grievance, whatever. I then went to the grievance guy --
>
> Q. But you put, you grieved someone out of here already?
>
> A. I grieve[d], yes.

Dkt. No. 28-5 at 39.[2] Even viewing this testimony in the light most favorable to Plaintiff, Plaintiff testified that he filed a grievance about the incident involving Defendant Cruz, but he did not specify the date of the grieved incident or provide any other details about the grieved incident.

---

[2] Page citations are to the page numbers generated by ECF.

Neither the Amended Complaint nor Plaintiff's response to Defendant's Statement of Material Facts provides any additional detail. *See* Dkt. No. 7 (alleging an April 28 incident involving Defendant Cruz and an April 30 incident and also stating, "I grieve it sent a copy of the grievance to the court . . . ."); Defendant Cruz's Statements of Material Fact ¶ 10, Dkt. No. 28-3 ("At no time before or after the denial of protective custody did Plaintiff file a grievance with Greene Correctional Facility pertaining to the protective custody, Sgt. Cruz' actions/inactions, or the related incidents"); Dkt. No. 30 ("#10 is a lie I filed a grievance with green I did not get a response back . . . ."). In addition, the Report-Recommendation states that Plaintiff failed to specify the date of the grieved incident. *See* Dkt. No. 37 at 15 ("Plaintiff makes several generalized assertions that he filed a grievance, but he fails to state . . . the date of the incident from which his grievance stems . . . ."); *id.* at 23 ("Plaintiff does not specify the underlying occurrence that led to him filing a grievance . . . .).

For all of these reasons, Judge Evangelista's statement that Plaintiff's testified that he "filed a grievance about the April 30, 2023 incident" should be corrected because Plaintiff did not draw such a specific connection during his deposition, and Judge Evangelista recognized Plaintiff's failure to state the date of the incident leading to his grievance throughout the Report-Recommendation.

For these reasons, it is

**ORDERED** that the Report-Recommendation, Dkt. No. 37, is **ADOPTED** to the extent explained above; and it is further

**ORDERED** that Defendant Cruz's motion for summary judgment, Dkt. No. 28, is **GRANTED**, and Plaintiff's Amended Complaint, Dkt. Nos. 7, 8, 9, as alleged against Defendant Cruz is **DISMISSED** with prejudice; and it is further

**ORDERED**, that the John Doe Defendant and any claim against him is **DISMISSED** from this action without prejudice because of Plaintiff's failure to identify and serve the John Doe defendant.

The Clerk of the Court is respectfully directed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: April 22, 2025
Syracuse, New York

_____
Elizabeth C. Coombe
U.S. District Judge